RUFUS E. HOLMES

*v.*

THE VILLAGE OF HYDE PARK.

*Filed at Ottawa May 12, 1887.*

1. SPECIAL ASSESSMENT—*want of title in municipality, to the ground sought to be improved for a street, as an objection to confirmation.* The owner of property specially assessed for the purpose of grading and paving a street of an incorporated village, can not interpose the objection to the confirmation of the assessment, that the village has not acquired title to the soil to be graded and paved.

2. The corporate authorities of cities and villages may levy special assessments for the improvement of a proposed street before acquiring the soil, by condemnation or otherwise, and afterward take the necessary steps to condemn, and have the compensation and damages to be paid, assessed.

3. A special assessment for the improvement of a proposed public street before acquiring the soil over which the street is to run, is not in violation of section 13, of article 2, of the constitution, which provides that private property shall not be taken or damaged for public use without just compensation.

4. SAME—*when proceeding may be enjoined.* It may be, if it were made to appear there was probability that the village would not acquire the title to the street, and so the benefit of any improvement to be made by the aid of the special assessment would be lost to the public, that a court of equity would enjoin the proceeding until the title should be acquired.

APPEAL from the County Court of Cook county; the Hon. RICHARD·PRENDERGAST, Judge, presiding.

Mr. J. S. HUEY, for the appellant.

Mr. HENRY V. FREEMAN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question here is, whether the owner of property specially assessed for the purpose of grading and paving a street of an incorporated village, can interpose the objection, on an application to the court to confirm the assessment, that the village has not acquired title to the soil to be graded and paved as a street.

The question is, in effect, answered in the negative by *Village of Hyde Park* v. *Borden*, 94 Ill. 26. The objection was there urged, as here, that the ordinance was void because it required the improvement to be made upon private property, and it was answered: "The statute does not require that the ordinance itself shall, when providing for an improvement, make any provision for acquiring the right to make the improvement upon the property of others; but it provides that after the passage of an ordinance for an improvement the making of which will require that private property be taken or damaged, then the city or village shall file a petition, praying that the just compensation for such taking or damage shall be ascertained by a jury. And the Eminent Domain act, which is to be taken in connection with this statute, provides that such proceedings for the ascertainment of compensation shall be instituted only in case the compensation can not be agreed upon by the parties interested, or in case the owner of the property is incapable of consenting. * * * We do not understand that because private property can not be taken or damaged for public use without just compensation, this compensation must be ascertained before any assessment can be made for an improvement which may require such taking or damaging."

This assessment is not for private, but for public use,—for the improvement of a street of the village for public travel,— and so is no violation of section 13, article 2, of our constitution, which provides that "private property shall not be taken or damaged for public use without just compensation." Whether the compensation shall be made to the owner of the soil for the land taken for the street, before or after the assessment for its improvement, can not make that assessment either larger or smaller; and so, whether title to the soil, entered upon for the purposes of the street, has been heretofore, or remains to be hereafter, acquired, is a distinct question from that of the benefits and damages to result to the

adjacent land owner from the improvement of such street, and the latter has no dependence on the former. The owner, or claimant of ownership, of the soil covered by the street, is not, as such, merely required to be made a party to the assessment proceedings, and, manifestly, could not, therefore, be concluded or materially affected in his rights by the judgment confirming the assessment.

It may be, if it were made to appear that there was probability that the village would not acquire title to the street, and so that the benefit of any improvement to be made by aid of the special assessment would be lost to the public, a bill in chancery would lie to enjoin the assessment proceedings until the title should be acquired; but then, all the claimants to title would be parties, and concluded by the adjudication.

The judgment is affirmed.

*Judgment affirmed.*