FREDERICK W. HUNERBERG

*v.*

THE VILLAGE OF HYDE PARK.

*Filed at Ottawa October 31, 1889.*

1. SPECIAL ASSESSMENT—*for a street—before acquiring title by municipality*. The corporate authorities of cities and villages may levy special assessments for the improving of a proposed street before having acquired the soil by condemnation or otherwise, and afterward take steps to acquire the necessary land.

2. SAME—*time to object to confirmation*. Only such objections as were filed in the trial court against the confirmation of special assessments, will be considered by this court.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant:

The owner of land objecting can not be specially assessed for a local public improvement to be located upon his private property. *Railway Co.* v. *Alleghany City*, 92 Pa. St. 100 ; *People* v. *Haines*, 49 N. Y. 587 ; *In re Rhinelander*, 68 id. 105 ; *In re Cheesebrough*, 78 id. 232.

A special assessment can not be levied for an improvement the use of which contemplates a continuing trespass. *In re Rhinelander*, 68 N. Y. 105.

A special assessment for a public improvement requiring the use of private property upon which to erect it and locate it and use it, can not be made, if the owner of such private property objects to it, until, by proper proceedings, the public have acquired a right to make such use of the property, or a title to such property. *People* v. *Haines*, 49 N. Y. 587.

If the special assessment could be sustained upon private property before the public had acquired a title, yet the east thirty-three feet of lot 2, block 2, should be assessed as a separate piece of property from the balance of the east half of lot 2, block 2, the same as though the ownership was in fact different. *Howe* v. *People*, 86 Ill. 288 ; *Lyman* v. *People*, 2 Bradw. 289 ; *Roby* v. *Chicago*, 48 Ill. 130.

We do not regard the cases upon which the appellee will depend, as opposed to or modifying the doctrines of our first three points. They are all cases where some stranger attempted to show that the local improvement was located upon private property, the reputed owner of such property disclaiming such ownership or waiving all objections to such use of his property. *Village of Hyde Park* v. *Borden*, 94 Ill. 26 ; *In re Ingraham*, 64 N. Y. 310 ; *Holmes* v. *Village of Hyde Park*, 121 Ill. 128.

Mr. JAMES R. MANN, for the appellee:

The cases of *Village of Hyde Park* v. *Borden*, 94 Ill. 26, and *Holmes* v. *Village of Hyde Park*, 121 id. 128, are decisive of the points made in this case.

Counsel for appellant, in his argument, endeavors to raise a hypercritical objection,—that the assessment is made upon the east thirty-three feet of appellant's premises for the purposes of paving such east thirty-three feet, and hence is invalid. This may be answered by saying, no such objection was filed to the assessment roll, or made in the lower court, and hence can not be made here.

The question of benefits must be decided upon the evidence in the case, and the only evidence is the assessment roll returned by the commissioners, which shows that appellant's property is benefited to the amount of the assessment, and there being no offer to contradict this evidence as to benefits, the same is conclusive.

The fact that a portion of the property upon which the improvement is to be made is assessed therefor, is decisive that it will be benefited to the amount of the assessment; and if it is benefited the amount which it is assessed, this would enhance its value in condemnation proceedings.

This assessment for benefits for street improvement is made on the basis of street frontage, and the appellant's property would be assessed the same amount, and would be benefited the same amount, whether the east thirty-three feet was included in the property which was assessed, or not.

The question thus raised in the *Holmes case*, and the decision in that case, is conclusive in this.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The village of Hyde Park, appellee, passed an ordinance on the 4th of September, 1888, for the grading and paving of Champlain avenue, from Forty-second to Forty-sixth street,

and the cost of the improvement was ascertained, in the mode prescribed by the statute, to be $14,446. A petition was then filed in the county court of Cook county, for the purpose of having a special assessment made, to pay the cost of such improvement. The commissioners appointed to assess the benefits, assessed against the east half of lot 2, block 2, Salstonstall & Russell's subdivision of the north half of the southeast quarter of section 3, town 38 north, range 14, east of the third principal meridian, the sum of $366.52. The owner, Frederick W. Hunerberg, appellant, filed objections to the confirmation of the assessment roll, claiming that a portion of the contemplated improvement would be located upon his own private property, and that the ordinance providing for the improvement contemplated the use of the east thirty-three feet of his premises as the west half of the street to be improved.

The matter of the objections of appellant to the assessment was tried before the court, without a jury. At the trial, the objector claimed to be the owner of said east thirty-three feet, and to be in possession of the same as his own private property, and the village claimed that at the place in question the street had been opened for many years by common law dedication, and was used by the public as a street, and was in the possession of the village. The objector offered in evidence certain deeds, and other testimony, for the purpose of proving he was the owner of said thirty-three feet, but the court sustained objections to such proffered testimony, and exceptions were taken. No evidence was introduced to show the premises were assessed more than they were benefited, or more than their proportionate share of the cost of the improvement. The court entered judgment overruling the objections and confirming the assessment. Thereupon, and after a motion for a new trial was made and overruled, the objector brought the case to this court by appeal.

The present case is, in legal principle, like those of *Village of Hyde Park* v. *Borden,* 94 Ill. 26, and *Holmes* v. *Village of Hyde Park,* 121 Ill. 128, and in its facts is on all fours with the latter case, although the circumstances of identity do not fully appear in the report of said case. It was in said last mentioned case expressly held, that the corporate authorities of cities and villages may levy special assessments for the improvement of a proposed street before acquiring the soil, by condemnation or otherwise, and afterward take the necessary steps to condemn, and have the compensation and damages to be paid assessed, and that the owner of property specially assessed for grading and paving such street can not interpose the objection to the confirmation of the assessment, that the city or village had not acquired title to the soil to be graded and paved. The record of that case shows that Holmes, the then objector, claimed the proposed improvement was in part on his own private property, and was a portion of the lot which had been assessed for making the improvement, thus fully covering the points which are urged by counsel as distinguishing that case from this; and it further appears, from the briefs and arguments on file in that case, those points were made and discussed in the arguments of counsel. The court there said: "Whether the compensation shall be made to the owner of the soil, for the land taken for the street, before or after the assessment for its improvement, can not make that assessment either larger or smaller; and so, whether title to the soil, entered upon for the purpose of the street, has been heretofore, or remains to be hereafter, acquired, is a distinct question from that of the benefits and damages to result to the adjacent land owner from the improvement of such street, and the latter has no dependence upon the former. The owner, or claimant of ownership, of the soil covered by the street, is not, as such, merely, required to be made a party to the assessment proceedings, and, manifestly, could not, therefore, be concluded or materially affected in his rights by the judg-

ment confirming the assessment." The case must be regarded as conclusive of this, so far as appellant relies upon the claim he was himself the owner of a part of the street where the proposed improvement is to be made.

That which we have already said, is a sufficient justification of the ruling of the county court in excluding the evidence offered for the purpose of showing that appellant was the owner of the legal title to the east thirty-three feet of the lot covered by the street to be improved. But, besides this, there is no provision made in the statute to try titles to land in these proceedings to assess benefits upon property to pay for public improvements, nor is the county court vested with jurisdiction to try and determine the question of title to real estate. If, as is claimed by appellant, he is the owner in fee of the thirty-three feet of land, and is in the possession of the same, then such private property of his can not be taken for public use, without he first receives just compensation therefor; and if he is such owner and is entitled to possession, but is kept out of possession by the tortious act of appellee, then the law gives him his action of ejectment for the recovery of possession.

It is argued that the east half of lot 2 includes the east thirty-three feet thereof, and that said thirty-three feet being included in said east half, is assessed with it for the improvements to be made upon said thirty-three feet, and that if said thirty-three feet is a part of the public street, the assessment upon it is void; and further, that the village, in making the special assessment, should have exempted the thirty-three feet, and should have assessed the residue of the east half of lot 2 only for its own proper benefit. It is a sufficient answer to this suggestion, that no such objection was filed or made to the assessment roll in the county court, and that it can not be made here for the first time.

We find no error in the record. The judgment of the county court is affirmed.

*Judgment affirmed.*