[S. F. No. 41. In Bank.—December 29, 1896.]

# N. W. SPAULDING, RESPONDENT, *v.* J. W. WESSON, ET AL., APPELLANTS.

STREET ASSESSMENT—RESOLUTION FOR IMPROVEMENT OF STREET—PRIVATE OWNERSHIP OF PART—WANT OF JURISDICTION—INVALID LIEN.—The board of supervisors have no jurisdiction to order the improvement of a street between two blocks, when part of the street between those blocks is held in private ownership, and has never been dedicated to public use; and the order of the board for such improvement being an entirety, no portion of the expense can be made a lien upon a lot situated upon that part of the street which has been dedicated to public use.

ID.—SUBSEQUENT DEDICATION IMMATERIAL.—Where there was no jurisdiction in the municipality to make the improvement at the time the order was passed by reason of private ownership of part of the street ordered improved, such jurisdiction cannot be established by a subsequent dedication of the street; and it is no ground for enforcing a lien for the improvement that the private owner made no objection to the improvement, and that after the grading was completed, fences were placed by them along the sides of the street, and it was thrown open to public use.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. WALTER H. LEVY, Judge.

The facts are stated in the opinion of the court.

*J. C. Bates*, for Appellants.

The assessment is void because the board did not have jurisdiction of the subject matter. (*Spaulding* v. *Bradley*, 79 Cal. 452 ) On the question of dedication, see *Princeton* v. *Templeton*, 71 Ill. 68; *Hayward* v. *Manzer*, 70 Cal. 480; *People* v. *Reed*, 81 Cal. 70; 15 Am. St. Rep. 22; *Patterson* v. *Munyan*, 93 Cal. 132; *Cook* v. *Sudden*, 94 Cal. 445; *Phillips* v. *Day*, 82 Cal. 24; *Schmitt* v. *San Francisco*, 100 Cal. 302; *Spaulding* v. *Bradley*, *supra*; *Demartini* v. *San Francisco*, 107 Cal. 409; *Winnetka* v. *Prouty*, 107 Ill. 218; *Chicago* v. *Hill*, 124 Ill. 646; *People* v. *Dreher*, 101 Cal. 271. There was no waiver or estoppel by the acts of defendants. (*Dehail* v. *Morford*, 95 Cal. 457; *Dougherty* v. *Coffin*, 69 Cal. 454;

*Manning* v. *Den,* 90 Cal. 610; *Crawfordsville* v. *Clements,* 12 Ind. App. 464; *Dallas* v. *Ellison* (Tex. Civ. App.), 30 S. W. Rep. 1128; *New Whatcom* v. *Bellingham Bay etc. Co.,* 10 Wash. 378; *Fox* v. *Middlesborough Town Co.,* 96 Ky. 262; *Strout* v. *Portland,* 26 Or. 294.)

*William H. H. Hart,* and *D. H. Whittemore,* for Respondents.

It is not necessary that there should be any acceptance of the street, or any deed of it to the public. The sale of lots, whether large or small, bounded on streets without limitation, is in itself a dedication. (*Stone* v. *Brooks,* 35 Cal. 500.) The acts of defendants estop them from denying that the street is a public street. (*Cairncross* v. *Lorimer,* 3 Macq. 829; *Wendell* v. *Van Rensselaer,* 1 Johns. Ch. 354; *Callender* v. *Patterson,* 66 Cal. 356; *Oakland Pav. Co.* v. *Rier,* 52 Cal. 270; *Taber* v. *Ferguson,* 109 Ind. 227; *Denver City etc. Co.* v. *Middaugh,* 12 Colo. 434; 13 Am. St. Rep. 234.)

HARRISON, J.—Action to recover a street assessment upon certain land in San Francisco. Judgment was rendered in favor of the plaintiff, and the defendants have appealed. One of the defenses to the suit is that at the time the resolution ordering the work was adopted by the board of supervisors, the street therein described had never been dedicated to public use, and was not a public street, but was held in private ownership. The resolution ordering the work to be done was passed August 13, 1877, and provided for grading Union street from Larkin street to the westerly line of Franklin street. The court found that at that date the board of supervisors had acquired jurisdiction to order said work and the whole of it to be done. This finding is attacked by the appellant upon the ground that it is not supported by the evidence.

Union street, between Larkin and Franklin streets, is situated in that portion of San Francisco which is embraced within what is known as the Laguna survey. In

1848, Leavenworth, then alcalde of the town of San Francisco, made grants of several hundred-vara lots in the vicinity of the Lagoon, and the tract covered by these grants has since been called the Laguna survey. The lots thus granted were contiguous to each other, without any intervening streets. Upon the map which was made under the Van Ness ordinance, and validated in 1858 (Stats. 1858, p. 56), various streets, including this portion of Union street, were projected through the land covered by this survey; but it was held in Scott v. Dyer, 54 Cal. 430, that by the Leavenworth grants the grantees became the absolute owners of the lands granted, and that no portion of these lands could be appropriated to the use of the public as a street, except upon making compensation therefor.

At the trial of the present case evidence was offered to the effect that the defendant, Wesson, became vested in 1872 with the title to the hundred-vara lot No. 15 that had been granted by Leavenworth in 1848. This hundred-vara lot embraced the premises of the defendant described in the complaint, and also a portion of Union street fronting thereon. Wesson testified that he remained in possession of the property until the grading was completed, and did not in any way part with his title to the land, until he made a conveyance to the city, in 1891, of that portion of Union street which was embraced in his hundred-vara lot; and it was admitted on behalf of the plaintiff that at the time the above order for the improvement of Union street was made, certain individuals were vested with the title to portions of the street which were embraced within grants in the Laguna survey made by Leavenworth. It was also shown that, until the time when the work of grading the street was begun under the contract entered into by virtue of the order, Union street was closed by fences running across it at several points.

The street improvement act, under which these proceedings were had, gave to the board of supervisors authority to order the improvement of only public streets,

and when it was shown that the greater part of Union street between Larkin and Franklin was held in private ownership, and had not been dedicated to public use, it was clear that the order for its grading, and all the proceedings taken thereunder, were without authority, and were ineffectual to create a lien upon the adjacent lands. *Spaulding* v. *Bradley,* 79 Cal. 449, involved an action upon the same assessment as the present, to foreclose a lien upon a lot directly across the street from the lot described in the complaint herein, and upon evidence substantially the same as that presented in the present case, it was held that the plaintiff had no right of recovery.

Evidence was introduced on behalf of the plaintiff, for the purpose of showing that by reason of certain conveyances in which the lot described in the complaint had been bounded by Union street, that portion of the street had been dedicated as a public street; but, even if it be conceded that these conveyances had that effect, it would not render the assessment valid. A dedication of the street in front of this lot by the owners would not have the effect to dedicate other portions of the street which were held by different owners. The improvement of the street from Larkin to Franklin street was an entirety, and, unless the board of supervisors had jurisdiction to order the grading of the whole of that portion of the street, no portion of the expense could be made a lien upon the defendants' lot. The entire cost of the grading was by the act to be assessed upon the entire frontage, and each lot at a rate per front foot sufficient to cover the total expense of the work. There was no authority to charge the defendants' lot with the burden of any portion of the expense of grading private property adjacent thereto, which lay within the lines of the street, and an assessment which included such charges would be invalid. (*Partridge* v. *Lucas,* 99 Cal. 519; *Ryan* v. *Altschul,* 103 Cal. 174).

There was also evidence tending to show that Wesson and other property owners knew of the grading of the

street while it was being done, and made no objections thereto, and, also, that after the grading was completed fences were placed along the sides of the street, and it was thrown open to public use; but, as these acts were subsequent to the time when the order for grading was passed by the board of supervisors, they cannot be considered. Unless there was jurisdiction in the municipality to make the improvement at the time the order was passed, such jurisdiction could not be established by a subsequent dedication of the street.

The judgment and order are reversed and the cause remanded for a new trial.

Van Fleet, J., McFarland, J., Henshaw, J., and Temple, J., concurred.