# CHARLESTON

## RALPHSNYDER *v.* TITUS.

Submitted January 21, 1908.   Decided February 4, 1908.

1. APPEAL—*Reversal—Necessary Parties to Decree.*

   When it appears from the record that a final decree has been entered in a cause without the necessary parties thereto, the decree will be reversed and the cause remanded with leave to plaintiff to amend his bill bringing in such necessary parties. (p. 471.)

Appeal from Circuit Court, Monongalia County.

Bill by I. C. Ralphsnyder against Amandaville E. Tittus and others. Decree for defendants and plaintiff appeals.

*Reversed.   Remanded.*

HENRY M. RUSSELL and DENT & DENT, for appellant.

FRAZER & FRAZER, for appellees.

McWHORTER, JUDGE:

This is a suit brought by I. C. Ralphsnyder against Amandaville E. Titus and others to enforce the specific performance of a contract of sale to him of the "Nine Foot Vein" or Pittsburg vein of coal in a tract of 112 acres of land at $30 per acre, and to set aside and annul certain contracts as clouds upon his title to said coal. Copies of the various contracts so sought to be annulled and removed as clouds from his title are filed as exhibits with the bill marked respectively Exhibits C. D. E. F. G. and H.   Exhibit G. is a written and recorded contract, under seal, dated December 31, 1901, an option ·to John L. Fogg from Amandaville E. Titus and Edith A. Titus for the sale of said coal at $32 per acre; while exhibit H. is a contract of option, under seal, dated the 27th day of March, 1902, entered into between said John L. Fogg and J. W. Emery of Washington, Pennsylvania, for the purchase of said coal at the price of $100 per acre, and which was accepted by said Emery.   There is also evidence tending to show that J. W. Emery was acting for and in behalf of the Cochrane Coal and Coke Company, a corporation, in the purchase of said coal.

James C. Frazier, trustee, also filed his petition in said cause averring that as such trustee he was the holder of the legal title to the estate claimed by the plaintiff Ralphsnyder under his contract with the defendants and which he was seeking to have specifically performed, and prayed to be admitted as a defendant and to file his answer, which petition was granted and the said Frazier, trustee, filed his answer in said cause.   The cause was brought on to be heard on the 17th day of February, 1905, when the court entered a final decree which, among other things, set aside as fraudulent and void the said contracts, exhibits "G" and "H," filed with plaintiff's bill, as well as certain other contracts also exhibited with the bill.

When the cause was called for hearing in this Court, the appellant, by counsel, moved the Court to reverse the final decree of the circuit court, entered on the 17th day of February, 1905, because of the want of necessary parties, and to remand the cause to the circuit court of Monongalia county with leave to amend his bill and make James C. Frazier, trustee, J. W. Emery, and the Cochrane Coal & Coke Company, a corporation, defendants thereto.

It clearly appearing from the record that the final decree was entered in the cause without having all the necessary parties before the court, it is unnecessary to notice here the several assignments of error set out in appellant's petition. In *Gall* v. *Gall*, 50 W. Va. 523, it is held: "Where a petition in a suit in equity by one not a party to it, and whose rights are not mentioned in the bill, and such petition asks relief touching the subject matter of the bill, and such petition discloses an interest in the petitioner in such matter hostile to the claim of the plaintiff, the plaintiff must file an amended bill to bring the petitioner and his claim before the court before there can be an adjudication of the plaintiff's rights. The mere petition does not make the petitioner a party for the purposes of decree." "Where necessary parties, as disclosed by the record, are not before the court, a decree affecting their rights will be reversed and the cause remanded for an amended bill bringing them and their rights in, without passing on the merits." "One not a party to a bill can make no defense to it by demurrer or answer." And in *Reger* v. *Gall*, 54 *Id.* 373, it is held: "If in any way, it be shown by the record that the final decree was rendered in the absence of necessary parties, such decree will be reversed and the cause remanded in order that proper parties may be made. And also in *Gallatin Land, Coal & Oil Co.* v. *Davis*, 44 *Id.* 109: "It is immaterial in what manner it is brought to the attention of this Court that the decree complained of was rendered in the absence of proper parties; the cause will be reversed and remanded, in order that proper parties may be made." "Where a person files his petition asking to be admitted as a party defendant in a pending suit in equity, in which no allegation is made naming or referring to him in any way, and no relief is prayed against him, and he is admitted to become such party defendant, he does not become

a party in the cause, until he has been made a party by some allegation in the bill as amended."—*Shinn* v. *Board of Education*, 39 W. Va. 497; *Cleavenger* v. *Felton*, 46 *Id.* 249.

For the reasons stated herein the decree of the circuit court is reversed and the cause remanded with leave to plaintiff to amend his bill bringing the necessary parties before the court, and for further proceedings to be had therein.

*Reversed.　　Remanded.*