[Civ. No. 822. Second Appellate District.—June 16, 1910.]

OAK HILL WATER COMPANY, a Corporation, Appellant,
v. T. W. GILLETTE, W. A. GILLETTE, and D. S.
GATES, Respondents.

ACTION TO QUIET TITLE—PRIVATE LOTS PROJECTING INTO STREET—
STREET IMPROVEMENT—CROSS-COMPLAINT TO FORECLOSE LIEN—FIND-
ING—ERROR IN ASSESSMENT.—In an action against street con-
tractors to quiet title to private lots projecting ten feet into a street,
and where defendants sought by cross-complaint to foreclose a
street assessment thereon, in which the court found that the city had
no right to such strip as part of the street, where it cannot be said
the resolution of intention to improve the street passing said lot in-
tended to exercise jurisdiction over private property, it follows that
the contractors had no authority to construct a sidewalk across such
strip, and that the superintendent of streets should not have ac-
cepted the work as completed, since the sidewalk was not constructed
on and in front of said lots, and that he erred in so doing, and also
in including the cost of constructing the sidewalk crossing the same
in the assessment.

ID.—ERROR IN ASSESSMENT NOT AVOIDING LIEN.—None of the acts of
the contractors or of the superintendent of streets, nor any errors
on his part in accepting the work as complete, and including im-
proper cost of work in the assessment, can render the assessment and
lien thereof void.

ID.—REMEDY BY APPEAL TO CITY COUNCIL.—Under section 11 of the
street improvement act, the determination and acts of the street
superintendent in relation to such errors is made the subject of an
appeal to the city council by the owners or parties interested, upon
the hearing of which the city council may confirm, amend, set aside,
alter or correct the assessment in such manner as shall seem just, and
may instruct the street superintendent to correct the warrant, assess-
ment and diagram to conform to its decision.

ID.—FAILURE OF PLAINTIFF TO APPEAL TO COUNCIL—PRESUMPTION—OR-
DER FORECLOSING LIEN AFFIRMED.—Where the plaintiff, in the action
to quiet title against the contractors, failed to appeal from the de-
termination of the superintendent of streets, as to the completion of
the work and from the erroneous levy of the assessment, it must be
presumed that if he had done so the city council would have ordered
the errors corrected; and the order of the court foreclosing the lien
asserted by the contractors in their cross-complaint must be affirmed.

APPEAL from an order of the Superior Court of Los
Angeles County denying a new trial. Curtis D. Wilbur,
Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, for Appellant.

Gibson, Trask, Dunn & Crutcher, for Respondents.

SHAW, J.—Action to quiet title to two certain lots fronting on Glenarm street in the city of Pasadena, described as lots 24 and 25, Mills tract.

Defendants admit plaintiff's title to the property, but claim and assert a lien thereon by virtue of an assessment for the cost of certain street improvement work done under the street improvement act, which lien they ask, by cross-complaint, to have foreclosed. The court made its findings upon which a decree of foreclosure was rendered in accordance with the prayer of defendant's cross-complaint. Plaintiff appeals from the order denying its motion for a new trial.

The city council of Pasadena by resolution in due form declared its intention to improve Glenarm street from the east line of Fair Oaks avenue to the original east boundary line of the city, the width of which street is not disclosed by the record. It is admitted that on the face thereof all the proceedings were duly had and taken. Nevertheless, appellant claims that the resolution of intention and all the proceedings had thereunder were wholly void, for the reason that in said resolution of intention and proceedings had thereunder the city council included therein the private property of plaintiff. This claim is based upon the fact that said lots 24 and 25, which front upon the north side of the street, extended across the north line thereof as the same was located on either side of said lots, and that they projected into the street a distance of ten feet, and the sidewalk, the construction of which was included among other improvements ordered, was by the contractors constructed over this ten-foot strip so projecting into the street.

Appellant lays much stress upon a finding made by the court to the effect that the city of Pasadena unlawfully and without right claimed said ten-foot strip as part of the street, and it contends that by reason of such claim on the part of the city it necessarily follows that it was the intention of the city council to improve the strip by constructing the sidewalk thereon. "The whole fault," says appellant, "lies in the fact that in the *resolution of intention* and the *ordinance ordering*

*the work to be done,* the private property *was claimed* to be a part of the street and was proposed to be improved as such.'' It is undoubtedly true that the intention of the city in this regard must be determined from the resolution of intention and proceedings had thereunder. Neither the resolution of intention nor other proceedings, however, so far as disclosed by the record, make any reference to property other than that embraced within the side lines of the street between the points named, which is conceded to have been an open public street. Regardless of what its undisclosed claim may have been as to lands other than those actually embraced in the street, it cannot be said that by *such proceedings* the city council proposed or attempted to exercise jurisdiction over such land, to which it had no right and which in fact was no part of the street. There is absolutely nothing in the resolution of intention or other proceedings which tends in the slightest degree to show that the city authorized, or that it was its intention to authorize, the improvement of the private property of plaintiff, or the laying of the sidewalk other than along the side of the street. Hence, there is no analogy between this case and *Spaulding* v. *Wesson,* 115 Cal. 441, [47 Pac. 249], cited by appellant. It was there held that what was designated in the proceedings as ''Union street,'' between Larkin and Franklin streets, in San Francisco, was not a public street, but that it was held in private ownership and had not been dedicated to public use. The proceedings there taken contemplated the improvement, not of a public street, but of a piece of land held in private ownership, known as ''Union street.'' Clearly, no warrant existed in the street improvement act for the doing of the work thus described in the resolution of intention.

In the case at bar, as the council did not order other than the area embraced in Glenarm street to be improved, it follows that the contractors had no authority by virtue of said proceedings to construct a sidewalk upon the ten-foot strip which was no part of the street. The superintendent of streets should not have accepted the work as completed, for the reason that the sidewalk was constructed on and not in front of these lots. · Neither should the cost thereof have been included in the assessment made to cover the total cost of the improvement. Conceding, however, that the contractors constructed the sidewalk upon this strip under the direction of the superintendent of streets, nevertheless, inasmuch as it was not in-

cluded in the resolution of intention and the council did not order it, there was no authority for doing it; and, hence, the officer erred, both in directing it to be done and in accepting the work thus incomplete, as well as including the cost thereof in the assessment. None of these acts, however, rendered the assessment and lien thereof void. By the provisions of section 11 of the street improvement act (Henning's Cal., Gen. Laws, p. 1322), the determination and acts of the street superintendent in relation to all of these matters is made the subject of an appeal to the city council by the owners or any person interested. Upon the hearing of such appeal the city council is given the power to "confirm, amend, set aside, alter, modify or correct the assessment in such manner as to them shall seem just, and require the work to be completed according to the directions of the city council; and may instruct and direct the superintendent of streets to correct the warrant, assessment, or diagram in any particular, or to make and issue a new warrant, assessment, and diagram, to conform to the decisions of said city council in relation thereto, at their option"; "and revise and correct any of the acts or determinations of the superintendent of streets relative to said work." Plaintiff did not exercise its right to appeal. Had it done so, and the attention of the council been directed to the fact that not only was the work incomplete by reason of the failure of the contractors to construct the sidewalk in front of the lots instead of on and across the ends thereof so projecting into the street, but also to the fact that the cost of the sidewalk so constructed had been included in the assessment for the total cost of the work, no doubt the council would have met the objections by an exercise of the power vested in it by section 11 and caused the errors to be corrected. At all events, we must indulge in that presumption. (*Lambert* v. *Bates,* 137 Cal. 676, [70 Pac. 777]; *Warren* v. *Riddell,* 106 Cal. 352, [39 Pac. 781]; *Diggins* v. *Hartshorne,* 108 Cal. 154, [41 Pac. 283].)

The order appealed from is affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1910.