HUNT ET AL. v. STATE, FOR USE OF DOWNEY, DRAIN-
AGE COMMISSIONER.

[No. 3,259.    Filed Nov. 21, 1900.    Rehearing denied April 19, 1901.]

DRAINS.—Assessment.—Foreclosure.—Pleading.—In an action to fore-
close a ditch assessment lien, defendants answered that $117.60 of
the assessment was made against a certain described forty acres of
land as a whole, against which it was sought to foreclose, and that
five acres thereof belonged to persons other than defendants, and
never belonged to defendants; that the owners of the five-acre tract
were not made parties to the drainage proceeding, nor to the ac-
tion to enforce the lien.  Held, that under the facts pleaded there
was no valid assessment upon the five acres, and that the answer
pleaded a good defense to the complaint.  pp. 518-520.

SAME.—Assessments.—Estoppel.—A landowner who stood by without
objection until the improvement was made is not thereby estopped
from objecting to a proceeding which would lead to a decree direct-
ing a sale of his land to pay a ditch assessment a part of which is
clearly not upon his land.  p. 520.

From the Madison Superior Court.  Reversed.

C. K. Bagot, A. Ellison and T. Bagot, for appellants.

W. A. Kittinger, E. D. Reardon and W. S. Diven, for
appellee.

ROBINSON, C. J.—Action to foreclose a ditch assessment
lien.  To the complaint, in one paragraph, was filed an
answer in four paragraphs—general denial, payment, ac-
cord and satisfaction, and a fourth paragraph of special
answer, to which a demurrer was sustained.  This ruling is
assigned as error.

The fourth paragraph of answer alleges that of the total
assessment, $117.60 thereof was pretended to be made
against the northwest quarter of the northwest quarter of
section twenty-five, township twenty north, range seven east,
containing forty acres, without any provision for ascertain-
ing what portion of the assessment was intended to be or
should be against any particular portion of the tract; that
at the time the drainage proceedings were instituted a

square tract containing five acres lying in the northwest corner of this forty acres belonged to persons other than these appellants; that this five acre tract never belonged to appellants, or either of them, and never was upon the tax duplicate or transfer books of the county in the name of appellants, or either of them, or any of their grantors, but the same was at all times in the name of persons other than appellants; that the same was and had been for a long time fenced as a separate tract, with a house thereon occupied by the owners or their tenants; that the same has never in any way been in the possession or control of appellants, or either of them; that the owners and occupants of this tract, and none of them, were made parties to the drainage proceeding, nor were they named in any of the reports or petitions therein, nor made parties to this action; that all the water from the five acres drains into the ditch for which the assessment was made; that appellants did not know nor had they any notice that the assessment was so made until after the ditch was constructed; that appellants had paid prior to this suit more than the whole assessment against their lands except that portion against this forty acres.

From the facts pleaded in the fourth paragraph of answer it is evident that the court, in the drainage proceedings, could not make a valid assessment against the five acre tract. No attempt was made to obtain jurisdiction of the person of the owner; nor did the court obtain jurisdiction of the subject-matter for the purpose of fixing a specific lien. The proceeding was *in rem.* The statute provides: "Such petition shall be sufficient to give the court jurisdiction over all lands described therein and power to fix a lien thereon, if they are described as belonging to the person who appears to be the owner according to the last tax duplicate or record of transfer kept by the section of the county where the same is situated." §5623 Burns 1894; *Killian* v. *Andrews,* 130 Ind. 579.

There was no valid assessment upon the five acres. The

attempted assessment upon that tract is void, and a sale to pay such assessment would be void and could convey no title. If a sale could be made at all under the facts pleaded it could convey title to no more than thirty-five of the forty acres; that is, thirty-five acres must bear the whole assessment, and if appellants owned but one acre it must bear the assessment on the whole forty. But it is not sought to foreclose the lien of an assessment against the thirty-five acres owned by appellants. The complaint seeks to foreclose the lien of an assessment which it is averred was made against the whole tract. If there is any assessment, then part of it must be against the five acres. If the facts pleaded are true no assessment was made against thirty-five acres. The doctrine of estoppel has no application. Concede that appellants stood by without objection until the improvement was completed, they are not now objecting to any assessment made against the land they actually owned. No such assessment was made. They are objecting to a proceeding which will lead to a decree directing a sale of their land to pay an assessment, part of which is clearly not upon their land.

The demurrer to the fourth paragraph of answer should have been overruled.

Judgment reversed.