Argued April 20, decided May 9, 1911.

## KIRKPATRICK v. CITY OF DALLAS.

[115 Pac. 424.]

PLEADING—ALLEGATION AS TO NOTICE—CONCLUSION OF LAW.

1. The statement in the complaint to restrain sale for a street improvement assessment by a city that "no notice was given as required by" a certain section of its charter, which requires notice in one of two ways prior to the undertaking of a street improvement, is a mere statement of opinion or conclusion of law.

MUNICIPAL CORPORATIONS—SEWERS—ASSESSMENTS—CITY'S CHARTER.

2. Under the charter of Dallas empowering its council to have the cost of a sewer paid out of the general fund or assessed on all the property benefited, and providing that, when it directs it to be assessed on property benefited, it shall be apportioned and assessed as provided in case of street improvement, provided the council shall not necessarily be limited to the property immediately adjacent thereto or abutting thereon in such apportionment and assessment, while the city has power to assess for a sewer property adjacent to, but not abutting on, the street in which the sewer is laid, exercise of the power is optional with the council.

MUNICIPAL CORPORATIONS—SEWERS—ASSESSMENTS—ORDINANCES.

3. An ordinance providing that the cost of sewers shall be assessed to the property abutting on the streets where the same are laid and benefited thereby does not, at least clearly, indicate exercise of the power, under the city's charter, optional with the council, to assess property adjacent to, as well as that abutting on, the streets in which a sewer is laid.

MUNICIPAL CORPORATIONS—VOID ASSESSMENTS—REMEDY.

4. The remedy for a void assessment is not limited to review, but resort to equity may be had to prevent a sale thereon.

MUNICIPAL CORPORATIONS—SALE OF VOID ASSESSMENT—CLOUD ON TITLE.

5. A sale on a void assessment is a cloud on title.

MUNICIPAL CORPORATIONS—RESTRAINING SALE—PREVENTION OF THREAT-
ENED CLOUD—COMPLAINT.

6. The complaint to enjoin a sale on a void assessment sufficiently alleges as against demurrer that the sale would constitute a cloud on title; it stating the facts that would necessarily result in a cloud, followed by the allegation that such sale would be to the great and irreparable injury to plaintiff's title.

From Polk: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE McBRIDE.

This is a suit by E. C. Kirkpatrick to restrain the City of Dallas and T. A. Odom, city marshal, from levying

upon and selling plaintiff's real property for the collection of an alleged delinquent assessment. Plaintiff alleges that he is the owner and in possession of certain real property in the City of Dallas; that the city claims a lien thereon by reason of the construction of sewers along and across the streets, with branches and laterals extending therefrom; that the city has no claims against the premises by virtue of the construction of the sewers for the reason (1) that the property does not abut upon the streets or parts of streets where any of such sewers, branches, or laterals are laid as provided by ordinance No. 112, passed by the common council of the City of Dallas July 27, 1908, and approved by the mayor on the same date; (2) that such property has not been directly or indirectly benefited by or through the construction of the sewers, branches, or laterals, as provided by section 84 of the city charter (Sp. Laws 1901, p. 91); (3) that the city did not give a notice of its intention to construct the sewer and assess the cost thereof upon the property directly or indirectly benefited thereby, as required by section 63 of the city charter; that the city has issued a warrant and placed it in the hands of the defendant Odom, the city marshal, directing him to levy upon such property and sell the same on June 19, 1909, in order to satisfy the amount of money which the city has attempted to assess against the property for the construction of the sewer; that, unless restrained, the marshal will sell such property under the warrant, to the great and irreparable injury to plaintiff's title.

To this complaint there was a demurrer upon the following grounds: (1) That the court has no jurisdiction of the subject of the suit; (2) that there is a defect of parties defendant; (3) that the complaint does not state facts sufficient to constitute a cause of suit; (4) that plaintiff has a plain, speedy, and adequate remedy at law. The demurrer was overruled, and defendants,

choosing to rely thereon, declined to answer, whereupon the court rendered a decree in favor of plaintiff, from which defendants appeal.                          AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Walter L. Tooze, Jr.,* and *Mr. Oscar Hayter.*

For respondent there was a brief over the names of *Mr. John H. McNary* and *Mr. Charles L. McNary,* with an oral argument by *Mr. John H. McNary.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

We are of the opinion that the complaint stated a cause of suit, and that the interposition of a court of equity was properly invoked.

Section 63 of the charter of the City of Dallas (Sp. Laws 1901, p. 84) provides that no street improvement shall be undertaken or made without first giving notice thereof by publication for two weeks or by personal notice upon the owners of all property within the limits of the proposed improvement; and section 84 makes the above-mentioned provision applicable to sewer improvements.

1. The complaint alleges that no notice was given as required by section 63 of the charter, but this we take to be a statement of a conclusion of law not presenting any issuable fact. It is merely a statement of the pleader's opinion that the section in question had not been complied with. Had the allegation stated positively that no notice whatever had been given, it would have been sufficient; but this it does not do, and in its present condition is entirely consistent with the supposition that some sort of notice was given which in the pleader's judgment failed to comply with the requirements of the law. *State ex rel.* v. *County Court of Malheur County,* 54 Or. 255 (101 Pac. 907: 103 Pac. 446).

2. We will now consider the right of the city under its charter and ordinances to levy an assessment against

Sig. 17

plaintiff's property. Section 84 of the charter of Dallas reads as follows:

"The council shall have the power and is authorized to lay down all necessary sewers and drains and ditches, and cause the cost of the same to be paid out of the general fund of the city, or to be apportioned and assessed on all the property directly or indirectly benefited by such sewer, drain or ditch. When the council shall direct the same to be assessed upon property directly or indirectly benefited, such expense and cost shall be apportioned, assessed, and collected as in sections 63 and 81, inclusive, of this act, provided in the case of street improvement; *provided,* the council shall not necessarily be limited to the property immediately adjacent thereto or abutting thereon in such apportionment and assessment."

Sections 1 and 4 of Ordinance No. 112, which is the ordinance authorizing the improvement in question, read as follows:

"Sewers, with branches or laterals extending from such sewers to the property line of each lot, tract or parcel of ground adjacent to and abutting upon the streets or parts of streets where such sewers are to be laid, as hereinafter specified, shall be constructed and laid on each of the following described streets and parts of streets in the City of Dallas, Oregon, to wit [description of streets follows]."

Section 4:

"The sewer improvement provided for in this ordinance shall be completed within 15 days from the date of the approval of this ordinance and the cost of such sewers shall be assessed to the property abutting upon the streets or parts of streets where the same are laid and benefited thereby."

3. The power of the city to assess property adjacent to the proposed sewer, but benefited thereby, is ample under section 84 of its charter, but the exercise of that power is optional with the council, and we do not think the language employed in section 4 of the ordinance above mentioned indicates clearly an intention to exercise

it in this instance. The language used, "the cost of such sewer shall be assessed to the property abutting upon the streets or parts of streets where the same are laid and benefited thereby," if given its usual and ordinary meaning, indicates an intention that only abutting property shall be assessed, and that only when it is benefited by the improvement. Statutes imposing burdens upon the property by way of lien or assessment should not be enlarged by construction.

4. It is contended that the remedy in this case should be by review, and not by resort to equity. Both remedies have been employed in this State, but the complaint here presents several issuable facts. For instance, the location of the property would not necessarily appear upon the record of the proceedings of the council. Besides, we think the general trend of authority in this State is that equity will interfere to prevent the sale of property upon a void assessment or for an illegal tax, although the right to do this seems to be doubted by Chief Justice THAYER, in *Sperry* v. *Albins,* 17 Or. 481 (21 Pac. 453). This court has so frequently exercised the jurisdiction to enjoin such sales that it may be said to be the settled practice in this jurisdiction so to do.

5. Such a sale must necessarily cloud the title of the owner even if the proceedings antecedent to it are entirely void. In the case at bar, for instance, suppose that the city marshal should be permitted to sell the plaintiff's property on this void assessment. The next step naturally would be the issuance to the purchaser of a deed regular upon its face and apparently conveying title. The next step would be the recording of this deed. A preson seeking to purchase the property from plaintiff would naturally search the records and find this deed, making an apparent breach in plaintiff's title. Should he seek advice of attorneys, he would be told that it was valid, and that plaintiff had nothing to convey. If able

counsel differ in court upon the question of the validity of these proceedings, it is fair to presume that they would differ to a like degree outside of court, and the intending purchaser would avoid the chance of buying a lawsuit by refusing to purchase. It is idle to say that such an instrument would not be a cloud upon the title as a matter of law when every attorney knows that it would be a cloud as a matter of fact. Commenting upon decisions which hold that instruments of this character do not constitute a cloud upon the title, Mr. Pomeroy says:

"While this doctrine may be settled by the weight of authority, I must express the opinion that it often operates to produce a denial of justice. It leads to the strange scene, almost daily in the courts, of defendants urging that the instruments under which they claim are void, and therefore that they ought to be permitted to stand unmolested, and of judges deciding that the court cannot interfere because the deed or other instrument is void; while from a business point of view every intelligent person knows that the instrument is a serious injury to the plaintiff's title, greatly depreciating its market value; and the judge himself, who repeats the rule, would neither buy the property while thus affected, nor loan a dollar upon its security. This doctrine is in truth based upon mere verbal logic, rather than upon considerations of justice and expediency." 3 Pomeroy's Eq. Jur. 437.

6. It is suggested that the complaint in this case does not allege that the sale would constitute a cloud upon plaintiff's title, and, while this is true to the extent that the exact words "cloud upon title" are not employed, yet the facts that must necessarily result in a cloud are stated, followed by the allegation that such sale would be "to the great and irreparable injury to plaintiff's title." Upon general demurrer we think this allegation is sufficient.

The decree of the circuit court is affirmed.

AFFIRMED.