Argued September 23, modified October 20, 1914.

## LAPP v. MARSHFIELD.*

(144 Pac. 83.)

**Municipal Corporations—Public Improvements—Assessments.**

1. Under a city charter provision giving the council power to determine what shall constitute a lot or part thereof, where it does not appear that the owner of a tract is injured by laying it off into smaller rectangular tracts for assessment purposes, an assessment in that manner is at the most irregular, and not void in equity.

[As to purposes for which municipal corporations can levy assessments and taxes, see note in 34 Am. St. Rep. 25.]

**Municipal Corporations—Public Improvements—Assessments—"Adjacent Property."**

2. A city charter authorizing assessments for a public improvement upon "adjacent property" includes lands which, while not imme-

---

*As to the right to subdivide private owner's land for the purpose of assessment for public improvements, see note in 23 L. R. A. (N. S.) 405.          REPORTER.

diately abutting on the improvement, lie so near as to be benefited by it.

**Municipal Corporations—Public Improvements—Assessments.**

3. In a suit to enjoin the collection of an assessment for public improvements, where plaintiff's land is included with other land and he introduced in evidence a map showing what portion of the land assessed belongs to him, a decree will be entered for the release of his land from the lien of the assessment upon payment of his portion of the assessment.

From Coos: John S. Coke, Judge.

Department 2.    Statement by Mr. Chief Justice McBride.

This is a suit by Joseph L. Lapp against the City of Marshfield, of the county of Coos and State of Oregon, a municipal corporation, and J. W. Carter, as marshal of the said City of Marshfield, to enjoin the collection of certain assessments for the improvement of Cedar Street in said city. The complaint alleges the due and regular passage by the city council of a resolution declaring the intention of the city to improve a portion of Cedar Street from the north line of Third Street to a point 12 feet westerly of the center of Front Street, and that thereafter the recorder gave notice of the intention of the city to make said improvement. The complaint then recites the taking of all the other steps necessary to make a valid assessment in form, from which it appears that, except for the alleged defects hereinafter mentioned, the proceedings leading up to the attempted sale of the property claimed by plaintiff are in all respects regular. The complaint alleges the issuance of an *alias* warrant requiring the marshal to sell certain tracts of land particularly described in the warrant and in the complaint, and further alleges that plaintiff is the owner of a tract of land which is described by metes and bounds; that no part of such land

fronts or abuts upon Cedar Street, and that he is not liable for any assessment for the improvement thereof; that the description of the separate tracts described in said warrant was arbitrarily made and prepared, and was so arbitrarily used and employed in all the proceedings of the common council leading up to said improvement without reference to or regard being had for the ownership of lands embraced within said description; that within said description of the said several tracts in said warrant, and in the ordinance providing for the improvement, is a portion of the land owned by the plaintiff not fronting and abutting upon Cedar Street, and that there is included in said assessment, lands not owned by plaintiff; that plaintiff has repeatedly offered and has at all times been ready, able, and willing to pay to defendant any and all amounts properly chargeable to his property, but that defendants have failed and refused, and still fail and refuse, to segregate said assessment so that plaintiff may pay the amount properly chargeable to his property, and that it is impossible for plaintiff to so segregate the same, and not knowing the amount properly chargeable to his property, and being unable to ascertain the amount thereof, plaintiff has been unable to pay said assessment or to tender into court the amount thereof.

The answer denied that plaintiff was the owner of the property described in the complaint, or any part thereof, and alleged a regular and orderly assessment for the purpose of the proposed improvement and a willingness and offer on the part of defendants to allow plaintiff to designate such parcels of said tract as he claimed to own and to pay his portion of the assessment thereon, which plaintiff had neglected and refused to do.

The reply denied the new matter in the answer. After the plaintiff had concluded his testimony defendants moved for a dismissal of the suit on the ground that plaintiff had failed to show any cause of action, or any title in himself, to any land affected by the assessment, which motion was granted, and plaintiff appeals.     ·     Modified.

For appellant there was a brief over the names of *Mr. James M. Upton* and *Mr. Edward L. C. Farrin,* with an oral argument by *Mr. Upton.*

For respondents there was a brief and an oral argument by *Mr. John D. Goss.*

Opinion by Mr. Chief Justice McBride.

While the testimony as to the location of the tract purchased by plaintiff from the state is not so clear and satisfactory as could be desired, we are of the opinion that the testimony of the witness Cathcart tends to place it where it is indicated upon the map offered in evidence. Although the deed from the state is irregular and perhaps not so definite as to the boundaries of the tract conveyed as is usually the case, nevertheless it contains those elements of description by which a surveyor going upon the ground would be able to find the property. For the purposes of this case, and in the absence of any contrary testimony, we may fairly assume that plaintiff's boundaries are where they are indicated on the map.

1. The laying off of the tract into smaller rectangular tracts would seem to be authorized by section 71 of the charter, which provides, among other things:

"The council shall have power to determine what shall constitute a lot or part thereof as the terms are used in this act."

In any event it does not appear that plaintiff has been in any way injured by this method of assessment, which at the most would be only irregular and not void in equity.

2. Neither is there any validity to plaintiff's contention that his land does not abut on the street to be improved, and is therefore immune from assessment. The city charter of Marshfield provides that assessments of this character may be made upon adjacent property. This includes lands which, while not immediately abutting on the improvement, lie so near thereto as to be benefited by it: Page & Jones, Taxation by Assessment, § 622; *Kirkpatrick* v. *City of Dallas,* 58 Or. 511 (115 Pac. 424); *Town of Woodruff Place* v. *Raschig,* 147 Ind. 517 (46 N. E. 990); *Hennessy* v. *Douglas County,* 99 Wis. 129 (74 N. W. 983). The evidence indicates that the land claimed by plaintiff will be benefited by the improvement.

3. The most difficult question presented is the inclusion of plaintiff's land with land owned by others in the same assessment. Some authorities seem to hold such an assessment absolutely void, even in equity: McQuillin, Municipal Corporations, § 2082; *Hunt* v. *State, etc.,* 26 Ind. App. 518 (58 N. E. 557). Other authorities seem to hold that an assessment of that character, while irregular, is not void, but voidable, and that the defect may be waived by failure to object at the proper time and place: McQuillin, Municipal Corporations, § 2082; *Thomson* v. *People,* 184 Ill. 17 (56 N. E. 383); *Becker* v. *Baltimore & Ohio R.,* 17 Ind. App. 324 (46 N. E. 685.) On principle the rule that

such assessment is an irregularity, merely rendering the assessment voidable, would seen most equitable under such circumstances as appear in this case. That every step necessary to make a valid improvement was complied with is not questioned. The council had jurisdiction to make the assessment on all the property included in the assessment district. It exercised that jurisdiction erroneously by assessing the lands of two proprietors jointly instead of severally. Plaintiff made no objection to the assessment, and did not call attention to the error in time for the authorities to make a new assessment, but waited until the improvement was completed, and then and now says that he is unable to segregate the amount justly due by him from that of other owners, or from land not owned by anybody, when it is apparent on the face of the map introduced by him that any competent surveyor or mathematician can compute the amount in an hour. He attempts to excuse his failure to make a tender on the ground that he cannot compute the quantity of land included in the improvement, expresses a desire and ability to pay what is due, and in the same breath says he owes nothing. The case of *Welch* v. *Clatsop County,* 24 Or. 452 (33 Pac. 934), lays down a salutary rule to be applied to cases of this kind by requiring the party claiming relief against an illegal or irregular tax to tender what is fairly and equitably due before equity will relieve him.

''Nothing,'' observes Lord Camden, ''can call a court of equity into activity but conscience, good faith and reasonable diligence. When these are wanting the court is passive and does nothing.''

However, as it seems inequitable to require the plaintiff to pay assessments upon property he does not own

in order to preserve the property which he claims to own, taxing the costs of this appeal against him will be a sufficient penalty for his lack of diligence in this proceeding. We will make the computations which he ought to have made and direct that upon the payment of that sum the property claimed by him and indicated on the map in evidence be released from the lien of the assessment, leaving the balance subject to the assessment lien for the collection of which an *alias* warrant may issue to the marshal. This will preserve the rights of the city and at the same time avoid doing any possible injustice to the plaintiff. A computation of the amount due upon the tracts claimed by plaintiff shows the amount to be $591.

It is therefore ordered that if the plaintiff shall, within 30 days after the entry of this judgment, pay to the defendant the sum of $591, a decree shall be entered enjoining defendant from selling the property claimed by him in his complaint; but in default of such payment the suit shall be dismissed. In either event the defendant will recover costs and disbursements.

MODIFIED.

MR. JUSTICE EAKIN, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.