Argued March 4, affirmed April 22, 1964

# KAMPSTRA ET UX *v.* SALEM HEIGHTS WATER DISTRICT

391 P. 2d 641

*Ralph W. G. Wyckoff,* Salem, argued the cause and filed briefs for appellant.

*Charles W. Creighton, Jr.,* Salem, argued the cause and filed a brief for respondents.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

GOODWIN, J.

Salem Heights Water District, a domestic water-supply corporation, appeals from a decree which enjoined it from charging plaintiffs the pro-rata cost of a certain water main as a condition precedent to the furnishing of water service.

The plaintiffs own commercial property outside

the city limits of Salem, Oregon, and within the boundaries of the suburban water district. Their property extends from the southeast corner of the intersection of Hilfiker Street and Highway 99-East south some 300 feet along the east side of the highway. Just prior to the eruption of this controversy, a ten-inch water pipeline had been constructed on the west side of the highway to serve property across the highway from and to the south of the plaintiffs. The ten-inch main was installed and paid for by the owners of a bowling alley, and was then turned over to the water district pursuant to the applicable statutes and regulations of the district.

The ten-inch line is not connected to pipes which serve the plaintiffs' land in any manner, although a twelve-inch main serves both the ten-inch main and another, older main which serves a portion of the district lying on the plaintiffs' side of the highway.

The plaintiffs applied for water service and were advised by the water district that such service could be had only if the plaintiffs would pay a share of the cost of the ten-inch main serving the bowling alley. This share, computed on a foot-frontage basis, amounted to $1,191.92. Plaintiffs deposited that amount with the clerk of the court and brought this suit to obtain water service without paying the amount assessed. The water district was ordered by the court to furnish service and is presently providing water from an existing main at the intersection of Hilfiker Street and the highway to the north of the plaintiffs' land. The decree also ordered the refund of the amount paid into court and other relief. The appeal challenges the decree in its entirety.

The water district contends that, in charging the plaintiffs for a share of the ten-inch main, it acted

under authority of ORS 264.320 as well as under its own regulations. ORS 264.320 provides:

"If any person is required by a municipal corporation incorporated pursuant to ORS 264.110 to pay the cost of extending a water main adjacent to property other than his own so that water service for domestic use is provided for such other property without further extension of the water main, the corporation shall require the owner of the other property, prior to providing water service to that property, to refund to the person required to pay the cost of extending the water main, a pro rata portion of the cost of the extension. The right to require such refund shall not continue for more than 10 years after the date of installation of the extension of the water main. The amount to be refunded shall be determined by the water district and such determination shall be final."

Section 5, subsection 8 of the district's Revised Rules and Regulations (1955) provides:

"In the event a new water line is required to convey water to the applicant's premises, said applicant will be required to finance the total cost of said water line. In the event the water line passes property other than the applicant's, then at such time the intervening property owners, or their qualified agents, desire water service they will be required to pay their pro rata share of the cost of the line, the pro rata share of the cost of the line to be determined by the board of commissioners, and their decision to be final. Moneys collected for pro rata share shall be paid over to the applicant who financed the water line * * *."

The water district also argues that, since priority of use is given under the statute to domestic water users, ORS 264.310, the directors of the district may deal with nondomestic users under such terms and conditions as they deem advisable. In other words,

the defendant contends that nondomestic users can be denied water service altogether in the discretion of the district.

■■ Generally, courts are reluctant to interfere in matters which are properly within the legislative province of the directors of municipal corporations such as water districts. See, e.g., *Page v. Highway 10, Water Pipe Line Improvement Distirct No. 1,* 201 Ark 512, 516, 145 SW2d 344 (1940). Such directors have broad discretion. 14 McQuillin, Municipal Corporations 100, § 38.24 (3d ed 1950). Their discretion, however, is not absolute. Water-board decisions cannot stand where they are shown to be arbitrary or unreasonable. See *Raz et al v. City of Portland et al,* 226 Or 515, 360 P2d 549 (1961). Cf. *Kliks et al v. Dalles City et al,* 216 Or 160, 335 P2d 366 (1959). A similar rule applies to city annexations. See *Portland Gen. Elec. Co. v. City of Estacada,* 194 Or 145, 159, 241 P2d 1129 (1952).

The commissioners treated the plaintiffs' property as "adjacent" to the ten-inch water line even though separated from it by Highway 99-East. There would be nothing arbitrary or unreasonable in so characterizing the plaintiffs' property if the property were benefited by the ten-inch main. The term "adjacent" is a relative one and has been held, under other property-assessment statutes, to include nonabutting property which lies sufficiently near the subject improvement to be benefited by the improvement. *Lapp v. Marshfield,* 72 Or 573, 577, 144 P 83 (1914). See also *Clark v. City of Salem,* 61 Or 116, 119, 121 P 416 (1912). We shall assume that the plaintiffs, if benefited by the improvement, would be sufficiently near to the ten-inch main to be "adjacent" to it within the meaning of ORS 264.320.

■ However, an assessment against the plaintiffs cannot be justified unless they are benefited by the improvement. For a sewer assessment, see *Raz v. City of Portland,* supra. To like effect, see *Lapp v. Marshfield,* supra; *Rogers v. City of Salem,* 61 Or 321, 122 P 308 (1912); *Paulson v. City of Portland,* 16 Or 450, 460, 19 P 450 (1888), affirmed 149 US 30, 13 S Ct 750, 37 L Ed 637 (1893); *United States v. Chaplin,* 31 F 890, 896 (CCD Or 1887); Rhyne, Municipal Law 719, § 29-4 (1957). See also *Reid Development Corp. v. Parsippany-Troy Hills Tp.,* 31 NJ Super 459, 107 A2d 20 (App Div 1954) (watermain extension).

Our examination of the record reveals no evidence that the water district ever intended to connect the plaintiffs' property with the ten-inch pipeline. Indeed, counsel indicated in argument that the district probably would have made the connection to the line presently serving the plaintiffs on the east side of the highway even if the plaintiffs had willingly paid the assessment.

■ The board's findings in this case have not been placed in the record. There is no basis for this court to speculate that the plaintiffs' property would ever be benefited in any manner by the ten-inch line. There is direct evidence that the plaintiffs' land will receive no benefit from the improvement. We hold, therefore, that the normal presumption of validity that attaches to a board decision is overcome by the evidence that the plaintiffs have received no benefit and will receive none from the improvement upon which the assessment is based.

District Reg. § 5 (8), supra, promulgated pursuant to ORS 264.306, does not aid the defendant since it must be construed within the limits of its statutory authority, ORS 264.320.

■ Finally, assuming that the plaintiffs as non-domestic customers can be dealt with on an arms-length basis, the district is still constrained by its character as a public utility. Arms-length bargaining over rates and similar negotiable matters contemplates the general requirement that a public service monopoly act reasonably. It is no answer for the district to say that the plaintiffs may avoid the assessment by refraining from using water. The district is a municipal corporation, and while it has broad powers, it cannot withhold its services in order to force the acceptance of arbitrary and confiscatory terms.

■ Since the water district could not require the plaintiffs to pay the assessment under the facts of this case, it may be compelled to furnish service on terms that are reasonable. *State ex rel. Otero de Burg v. Water Co.,* 19 NM 36, 40, 140 P 1059, LRA 1915A, 246 (1914). We believe the trial court correctly disposed of the matter.

Affirmed; costs to neither party.