Argued December 2, affirmed December 22, 1965

# REALTY DEVELOPMENT CORPORATION *v.*
# MT. SCOTT WATER DISTRICT ET AL
### 409 P. 2d 181

*James W. Young,* Forest Grove, argued the cause for appellant. With him on the brief were Bump, Bump and Young, Forest Grove.

*George E. Birnie,* Portland, argued the cause and submitted a brief for respondents.

Before McALLISTER, Chief Justice, and PERRY,* DENECKE, HOLMAN and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

In setting out the facts and the first question with which we deal—interpretation of ORS 264.320—we in large part borrow from the clear and succinct briefs submitted by the parties.

This is an appeal from a judgment quashing a writ of mandamus in the alternative issued upon plaintiff's petition against the defendant water district and its then constituted board of district commissioners. Plaintiff sought to compel defendants to assess the owners of two residential lots for an amount equivalent to the pro rata share of the cost to the plaintiff of installing a water main adjacent to said lots and to compel the defendants to collect said sum from the owners of the two lots and pay the same over to the plaintiff.

The defendant water district had previously required plaintiff to pay the entire cost of the water main necessary to serve a residential subdivision under development by plaintiff bearing the name Portland View Terrace. A tract of land known as Valley View Terrace was subsequently developed and Lots 7, 8

---

* Perry, J., did not participate in this decision.

and 9, Block 1, and Lot 9, Block 3, of Valley View Terrace lie immediately west of, and adjacent to Portland View Terrace, separated only by SE 137th avenue, a north-south street. The water main paid for by plaintiff is situated beneath SE 137th avenue.

SE Lucille street, an east-west street in Valley View Terrace, intersects with SE 137th avenue, and lies between Lot 9, Block 1, and Lot 9, Block 3. All four lots adjacent to SE 137th avenue have been improved by the construction of dwelling houses thereupon, to which domestic water service has been furnished. Lots 7 and 8, Block 1, were connected directly to the main in SE 137th, and pro rata refunds were subsequently paid to plaintiff for said lots at the rate of $1.50 for each lineal foot abutting upon said avenue.

The developers of Valley View Terrace paid for the installation of a lateral water line intersecting the main at 137th avenue, and running westwardly into Valley View Terrace beneath SE Lucille street. The water service connections for Lot 9, Block 1, and Lot 9, Block 3, Valley View Terrace, were made from the lateral, and the lot owners assessed a pro rata portion of the cost of said lateral and the amount received by defendant water district from said assessment was thereafter paid to the developers of Valley View Terrace.

The sketch on the following page shows SE 137th avenue on the extreme right, Lucille street, the lots in question, and the Valley View Terrace development. Portland View Terrace, the development of which required plaintiff to install the water main in SE 137th avenue, lies immediately east of that portion of 137th avenue on the diagram.

The pertinent statute is ORS 264.320, which provides:

"If any person is required by a municipal corporation incorporated pursuant to ORS 264.110 to pay the cost of extending a water main adjacent to property other than his own so that water service for domestic use is provided for such other property without further extension of the water main, the corporation shall require the owner of the other property, prior to providing water service to that property, to refund to the person required to pay the cost of extending the water main, a pro rata portion of the cost of the extension. The right to require such refund shall not continue for more than 10 years after the date of installation of the extension of the water main. The amount to be refunded shall be determined by the water district and such determination shall be final."

■ Plaintiff's position is that since the main he was required to install in SE 137th avenue provided (in the sense of making it available) water service for domestic use to Lot 9, Block 1, and Lot 9, Block 3, without further extension of the water main paid for by plaintiff, he is entitled to reimbursement from the owners of Lot 9, Block 1 and Lot 9, Block 3.

The defendants' position is that since water service could be provided to the two lots either from the main in SE 137th avenue or the main in SE Lucille street, it was within the discretion of the water district to determine which of the two mains should supply the two premises, and having determined that they should be served by the Lucille street main, reimbursement should go to the installers of that main.

The defendants may well be correct in their contention that it is within the discretion of a water district to determine which of two relatively equally accessible mains should supply given premises within the district. However, we need not consider this question here for, regardless of the answer, the mandate of ORS 264.320 is clear.

The defendants cite *Kampstra v. Salem Hts. Water Dist.,* 237 Or 336, 391 P2d 641, as authority for their position. The *Kampstra* case did not involve application of ORS 264.320 since the use there involved was commercial rather than domestic.

ORS 264.320 does not purport to say what main shall serve what property. It does require that if a person is required to pay the cost of installing a main to serve his property and that main is adjacent to property other than his own so that water service for domestic use is provided for such other property without further extension of the water main, he shall re-

cover a pro rata share of the cost of the main from the owners of the other property.

Here the main installed on 137th avenue made water service available to Lot 9, Block 1 and Lot 9, Block 3. Obviously, no main in SE Lucille street was necessary to serve those two lots any more than a new main was necessary to serve Lots 7 and 8, Block 1 as shown on the diagram. Clearly, the purpose of the Lucille street main was to serve lots west of those abutting on SE 137th avenue. This being the case, plaintiff's position as to the application of ORS 264.320 is correct, regardless of which main the defendant water district decided for reasons of its own was more suitable for use in supplying service to the two lots in question.

■ It does not follow that the trial court erred in quashing the writ. ORS 34.110 provides:

"A writ of mandamus may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station   *   *   *."

Mandamus is an extraordinary remedy.

"The purpose of the writ of *mandamus* is to enforce the performance of a lawful duty; but the legal right of a plaintiff to the performance of the particular act of which performance is sought to be compelled must be plain and complete   *   *   *." *Florey v. Coleman,* 114 Or 1, 2, 234 P 286.

The alternative writ based on plaintiff's petition sought to require the defendant to assess Lot 9, Block 1 and Lot 9, Block 3, at the rate of $1.50 per front foot on SE 137th avenue and to collect and pay the money over to petitioner. ORS 264.320 places no such duty on a

water district. It provides that the amount to be paid to the person who installed the main shall be determined by the district and that the district, prior to providing water service to that property, shall then require the owners of the other property to refund that amount to the person who installed the main. It does not require a water district to act as a collection agent as plaintiff's petition sought to have it do.

Affirmed.